BARKLEY, appellant, *v.* TIELEKE, respondent.

WATER RIGHT — *remedy of claimants.* Equity affords the appropriate remedy in an action in which both parties claim the prior right to the use of water for mining purposes.

CONVEYANCE OF WATER RIGHT — *possession.* Under the laws of this Terri-
tory, the transfer of a ditch and water right requires the same form and
solemnity as a conveyance of real estate ; but an interest in such property
can be acquired by appropriation.

IMPERFECT CONVEYANCE OF WATER RIGHT — *abandonment.* The attempt to
convey a water right by an imperfect deed operates as an abandonment of
the title obtained by the appropriation thereof.

RECAPTURE OF WATER — *estoppel.* The prior appropriator is estopped from
asserting a claim to water after it has been abandoned by him and recap-
tured by another.

ACTION BY POSSESSOR OF WATER RIGHT. A party who is in the possession of
a ditch, and the water incident thereto, has an equitable interest therein,
and can maintain an action against trespassers.

### *Appeal from First District, Jefferson County.*

THE judgment in this action was rendered by SERVIS, J., who
tried the cause without a jury. The opinion refers to the follow-
ing sections of the act relating to " conveyances of realty."
" Every conveyance in writing, whereby any real estate is con-
veyed, or may be affected, shall be acknowledged or proved and
certified in the manner hereinafter provided." Cod. Sts. 396, §
3. " The term 'real estate,' as used in this act, shall be construed
as co-extensive in meaning with lands, tenements, hereditaments,
and possessory titles to public lands in this Territory." Cod.
Sts. 402, § 34.

S. ORR and TOOLE & TOOLE, for appellant.

This is an equitable action, and the only remedy the appellant
has. The court below found all the facts for appellant.

The deeds and delivery of possession thereunder by the
grantors of appellant conveyed a sufficient title, as against said
grantors, to enable appellant to use the water in controversy.
Respondents, to avail themselves of an outstanding title in a third
party, must show such a title as would prevail against appellant.
The court below put too much stress on the subject of original
appropriation. The grantors of appellant had actual possession of
the water and ditch, and delivered the same to appellant. Appel-
lant has a title by the abandonment of his predecessors and his
first possession, or the equitable title acquired by the deeds, and
possession thereunder.

Respondents do not connect themselves with the first appropriator of the water, and must stand or fall on their appropriation, and their rights thereunder, at the date of the same. Appellant's motion for a decree should have been granted. Yale on Mining Claims, 378–9, 102; *Ortman* v. *Dixon*, 13 Cal. 33; *McDonald* v. *Bear River & A. W. & M. Co.*, 13 id. 220; *Table M. T. Co.* v. *Stranahan*, 20 id. 198; S. C., 21 id. 548.

G. G. SYMES and CHUMASERO & CHADWICK, for respondents.

A perpetual injunction will not be granted, unless the party applying therefor proves his legal title beyond a reasonable doubt. 2 Story's Eq., § 925; *Parker* v. *Winnipiseogee C. & W. Co.*, 2 Black, 545. Appellant must go into a court of law and establish his legal right before he can procure an injunction. *Irwin* v. *Dixion*, 9 How. 28; *Miss. & Mo. R. Co.* v. *Ward*, 2 Black, 495.

Appellant was not prior appropriator, and failed to show a sufficient conveyance from the prior appropriator. The right to water is real estate, and a deed thereof must be duly acknowledged, according to the Territorial statute. Cod. Sts. 396, §§ 1, 3, 34, 35; Angell on Water-courses, 168, 172; 2 Black. Com. 17; Yale on Mining Claims, 112, 114, 204, 215, 252, 379; *American Co.* v. *Bradford*, 27 Cal. 360; *Union W. Co.* v. *Crary*, 25 id. 509.

Respondents showed a title by appropriation, and appellant showed no title in parties under whom he claims. Respondents had possession when suit was commenced, and appellant must recover on the strength of his own and a better title. *Hawxhurst* v. *Lander*, 28 Cal. 332.

The California decisions cited by appellant are not applicable. They were made in California, under a law allowing running claims and water rights to be transferred by delivery of possession, before the act of 1860. *Patterson* v. *Keystone M. Co.*, 30 Cal. 360; *Goller* v. *Fett*, id. 481.

No adverse possession was shown by appellant. *Copper H. M. Co.* v. *Spencer*, 25 Cal. 18.

S. ORR and TOOLE & TOOLE, for appellant, in reply.

The right to water may be lost by abandonment. Such right

may be proved by parol and rests, as between contestants, upon priority of possession. There are no facts to be settled by a trial at law. The court below found them. No stranger can deprive appellant of his rights, for want of proper title. Appellant's possession is good. Hill. on Inj. 9, 283 ; Browne on Frauds, §§ 135, 136, 467, 468, 131.

The water is but an incident to the ditches of appellant, the title to which is not disputed. Appellant recaptured the water by his ditch, after his grantors abandoned it, and was as much an original appropriator as if he had dug the ditch.

SERVIS, J. The plaintiff appeals to this court from the judgment of the court below, refusing a perpetual injunction.

The plaintiff and defendants both owned valuable mining ground, below Indian creek, in Jefferson county, Montana Territory, and owned ditches conveying the waters therefrom to said mining ground. The plaintiff's ditches were known as the "Freeman ditch" and the "Cedar gulch ditch." The defendants' was known as the "Tieleke ditch." Both claimed prior right to the waters of said creek. The findings of the court below sufficiently state the facts, which findings are as follows:

"First. The Freeman ditch was constructed in 1866, and diverted and appropriated 100 inches of the waters of Indian creek in that year.

Second. The Cedar gulch ditch was constructed in the year 1867, and diverted and appropriated 150 inches of water from said Indian creek in that year.

Third. That the Tieleke ditch was constructed by defendants in the year 1868, as original appropriators, and diverted and appropriated 500 inches of water from said Indian creek in that year.

Fourth. That both of said first-mentioned ditches were constructed by various persons other than the plaintiff or his immediate grantors, prior to the construction of the said Tieleke ditch, whereby the defendants sought to and did take the waters from said Indian creek against the will of the plaintiff after his purchase of the first-named ditches.

Fifth. That the plaintiff and defendants respectively own valu-

able mines of gold, upon which they desire to use said water; and the said mines and ditches are comparatively worthless without the use of said water.

"Sixth. That the water of said Indian creek, during a good portion of the mining season, does not exceed 150 inches, and during some portions of the mining season does not exceed 250 inches of water; and that the respective claims of the parties are hostile, and, for a great portion of the mining season, one must give way to the other.

"Seventh. That the various persons constructing the Cedar gulch ditch and the Freeman ditch, by certain unsealed and unacknowledged paper writings, purported to convey their respective interests therein to certain persons other than the plaintiff's grantors, but who, thereafter, and in like manner, by like paper writings, transferred the same to plaintiff's grantors, who took possession thereunder (and not by appropriation) prior to the appropriation and construction of the Tieleke ditch, who thereafter conveyed the same to plaintiff.

"Eighth. That one Freeman (to whom a part of the same had been so conveyed), in the year 1870, by deed duly executed, acknowledged and delivered, conveyed all his interest in said ditches to the plaintiff; and that Wilcox and Doughty (to whom the balance had been so conveyed), on the 6th day of September, 1870, by deed, conveyed all their interest in said ditches and water to said plaintiff, which deeds were, in all respects, in due form of law, except the acknowledgment thereof by Wilcox, which was done before a deputy county clerk of Montana Territory.

"Ninth. That the words "dump ground," as appears in the deed from said Wilcox and Doughty, were, by the consent of one of the grantors thereof, inserted therein after the delivery and recording of the same.

"Tenth. That the respective parties, up to the year 1870, mutually divided the waters of said Indian creek, and for the latter part of the year 1870, defendants, by compromise with Wilcox and Doughty, used all the waters of said Cedar gulch ditch."

The plaintiff insists that, under the facts, as found by the court, there is shown to exist at least such an equitable title to the property in question as to entitle him to the relief demanded.

The defendants insist, that before relief can be had under the claim made by plaintiff, he must resort to an action at law to settle the legal title to the property in question. That, by the law of this Territory, such property is declared to be real estate, requiring, for a conveyance thereof, the same form and solemnity as of real estate in fee simple ; that no such conveyance is shown to have been made to the plaintiff's grantors ; and that, therefore, their appropriation of the waters of Indian creek is superior to plaintiff's.

Upon a review of the authorities, we are satisfied that chancery is a well-defined remedy for relief in an action in the nature of a nuisance, of which this clearly partakes, without resort to an action at law. In fact, equity seems to be the only appropriate remedy to afford relief in cases like the one under consideration.

As to the *character* of the property or right in dispute, it is true, under our law, it is such a species of realty as to require for its transfer the same form and solemnity as the conveyance of any other real estate. Cod. Sts. 396, § 3; 402, § 34. Yet we can readily see how *an* estate or an *interest* in such kind of property can be acquired without such formality of conveyance.

Under the law of congress, a *grant* of the kind of property in question is *presumed* by the act of appropriation. This may be lost by surrender or abandonment.

The conveyance or transfers of the property to plaintiff's grantors alone was not sufficient under our statute to convey the property to them; but the attempt so to do by imperfect conveyances, if it did not operate as an absolute or equitable conveyance, clearly operated as a surrender or an abandonment of their right, title and interest acquired by appropriation, which was the digging of the ditches in question. The *title* to these ditches is not controverted by the defendants, but only the waters of Indian creek carried through them. The water is but an incident to the ditches, and the right acquired to use it may be lost by abandonment, and when so lost, it becomes (*publici juris*) public property again, and subject to be recaptured, and when so recaptured, the original appropriators are estopped from reasserting their claim to it; and if they are estopped, wherein can a stranger assert or claim any right to such property ?

The defendants in no manner connect themselves with the plaintiff's title, unless it be their claim of prior appropriation, which is simply possession, the priority of which necessarily determines the question under consideration.

The pleadings and findings of the court establish the fact that plaintiff's grantors had obtained actual and rightful possession of the property in question, prior to the construction of the Tieleke ditch by defendants, and that they continuously retained such possession until they conveyed the same to plaintiff, who, in like manner, continued the possession thereof until interfered with by the defendants.

If the conveyances to plaintiff's grantors did not in fact transfer such an interest as entitled them to all the rights of their grantors, then the right was abandoned, and the possession thereof taken by plaintiff's grantors was as much an original appropriation of the waters of Indian creek as if they had originally constructed the first ditches to divert the same. Such possession, even if it did not determine the *ownership* under the act of congress of March, 1866, does nevertheless vest in the plaintiff such an equitable interest as to entitle him to maintain this action.

From all the facts and circumstances, we cannot refrain from expressing our conviction, that the defendants, when they located and constructed their ditch, did it with reference to, and with full knowledge of, the prior rights of the Freeman and Cedar gulch ditches.

We are, therefore, of the opinion that the court below erred in refusing to decree a perpetual injunction against the defendants. The judgment of the court below is therefore reversed, with costs to be taxed against defendants.

The findings of the court below being, that the Freeman ditch conveyed 100 inches of the waters of said Indian creek, and that the said Cedar gulch ditch conveyed 150 inches of the waters of said creek, the injunction should therefore be so far made perpetual in favor of said plaintiff and against said defendants, and judgment is hereby rendered accordingly.

*Judgment reversed.*