CUSTER CONSOLIDATED MINES CO., APPELLANT, *v.* CITY OF HELENA, RESPONDENT.

(No. 3,084.)

(Submitted February 16, 1912.   Decided March 5, 1912.)

[122 Pac. 567.]

*Waters and Water Rights—Lessor and Lessee—Injunction Pendente Lite—Diversion of Water—Party in Interest—Landlord and Tenant.*

Landlord and Tenant—Trespass—Actions—Right to Sue.
   1.   While a landlord may maintain an action for an injury to his lands in the possession of a tenant, the right of action for a trespass upon the possession of the tenant, or for an injury to his estate, is in the latter.

Water Rights—Lessor and Lessee—Injunction—Party in Interest.
   2.   *Held*, in a suit to quiet title to the use of water then in possession of, and being used by, a lessee, that the owner thereof was improperly

granted an injunction *pendente lite,* where the only wrong alleged by the lessor was that done to the interest of the lessee, and where the lessor's pleading did not contain any allegation that he was bound by the terms of the lease to protect the lessee in the quiet enjoyment of the right, nor that his reversionary interest was being injured, nor that he would suffer pecuniary loss by the continued diversion of the water by his adversary. The party injured and entitled to ask for relief was the lessee, and not the lessor.

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by the Custer Consolidated Mines Company against the City of Helena. From an order directing the issuance of an injunction *pendente lite* against the plaintiff, it appeals. Reversed.

*Mr. J. A. Walsh, Messrs. Hartman & Hartman,* and *Mr. R. Lee Word,* submitted a brief in behalf of Appellant; *Messrs. Walsh* and *Word* argued the cause orally.

The wrong alleged by defendant is the diversion of these leased waters by plaintiff. The full measure of the rights of defendant in and to the waters of Beaver creek on March 8, 1910, the date of the execution of the lease to the Spokane Ranch and Water Company, was the right to use for a beneficial purpose the water in Beaver creek, acquired by defendant in the year 1901. This water right was not appurtenant to any land, and when it leased that right defendant, for a period of ten years, conveyed to said Spokane Ranch and Water Company the exclusive right as against defendant to the use of said waters and said water right. The injury alleged was therefore a trespass by plaintiff upon the right of said lessee, the Spokane Ranch and Water Company. The gist of the action was the injury to said possession, and the right to bring the action for this injury rested solely in defendant's lessee, the Spokane Ranch and Water Company. (*Anderson* v. *Hapler,* 34 Ill. 436, 85 Am. Dec. 323; *Gent* v. *Lynch,* 23 Md. 58, 87 Am. Dec. 561; *Taylor* v. *Townsend,* 8 Mass. 414, 5 Am. Dec. 107; *Starr* v. *Jackson,* 11 Mass. 523; *Lienow* v. *Ritchie,* 25 Mass. 235; *French* v. *Fuller,* 40 Mass. 104, 106; *Campbell* v. *Arnold,* 1 Johns. (N. Y.) 511; *Tobey* v. *Web-*

*ster,* 3 Johns. (N. Y.) 468; *Holmes* v. *Sealey,* 19 Wend. 507; *Tobias* v. *Cohn,* 36 N. Y. 363; 38 Cyc. 1005, 1007.)

Defendant does not allege that it is the owner of any land through which the waters claimed by it has been accustomed to flow; it does not claim to own any lands to which the waters claimed by it are appurtenant; its sole title is, as appears from said counterclaim, the right to use certain waters of Beaver creek. Of this right, by reason of its lease, said Spokane Ranch and Water Company is the "absolute owner for the term granted." (*Stern* v. *Sawyer,* 78 Vt. 5, 112 Am. St. Rep. 893, 6 Ann. Cas. 356, 61 Atl. 36.) Owning no land and having title to a right to use certain waters which it has parted with for a term of years, the defendant does not claim, and is not in a position to claim, any injury whatever to its reversionary interest. (See *Bascom* v. *Dempsey,* 143 Mass. 409, 9 N. E. 744.)

Again, nowhere in the counterclaim is it alleged that the Spokane Ranch and Water Company suffered damages in any sum by reason of any act of plaintiff; nowhere is it alleged that said damages, if any, are of a nature that they cannot be fully compensated by an action at law; nor is it alleged that the defendant or its lessee will suffer irreparable injury by reason of any act of plaintiff. (10 Ency. of Pl. & Pr. 951, 954.)

*Mr. Edward Horsky,* and *Messrs. Walsh & Nolan* submitted a brief in behalf of Respondent; *Mr. T. J. Walsh* argued the cause orally.

The inquiry as to whether the counterclaim states a cause of action is to be resolved by reference to the rules applicable to actions to quiet the title to a water right, not to those governing actions *quare clausum fregit.* (*Peregoy* v. *Sellick,* 79 Cal. 568, 21 Pac. 966.) The respondent may maintain an independent action to establish its right to the water of Beaver creek without being required to establish any damage whatever, either on its own part or on that of its tenants or lessees. And enjoying such right it may assert it by way of counterclaim to a complaint in which a plaintiff claims the paramount right to the same waters.

A cause of action is stated without reference either to the question of interference or damage flowing from interference. (*Peregoy* v. *Sellick, supra; Cache La Poudre R. Co.* v. *Water S. & S. Co.*, 27 Colo. 532, 62 Pac. 420.) Such a suit partakes of the nature of an action to quiet title. (*Taylor* v. *Hulett*, 15 Idaho, 265, 19 L. R. A., n. s., 535, 97 Pac. 37.) An action of that character "may be brought by any person against another who claims an estate or interest adverse to him, for the purpose of determining such adverse claim." (Rev. Codes, sec. 6870.) The essential averments of a complaint in such an action are of the simplest character. (17 Ency. of Pl. & Pr. 326–328; 2 Estee's Pleadings, 2508; 15 Ency. of Forms, 169.) The rightful claimant is entitled to maintain the action, because otherwise the diverter would, in time, acquire a title by adverse user. (*Anderson L. & S. Co.* v. *McConnell*, 133 Fed. 581; *Brown* v. *Ashley*, 16 Nev. 315; *Moore* v. *Clear Lake Waterworks*, 68 Cal. 146, 8 Pac. 816; *Spargur* v. *Heard*, 90 Cal. 221, 27 Pac. 198; *Walker* v. *Emerson*, 89 Cal. 456, 26 Pac. 968.)

If the respondent sought in this action to recover damages of the appellant on account of the diversion of the water, the cases to which reference is made in appellant's brief would be more or less valuable. They all hold that possession is necessary to entitle a plaintiff to maintain the action *quare clausum,* and that, accordingly, the landlord, out of possession, cannot prosecute it. Possession was likewise necessary under the equity practice in order that one might prevail in an action to quiet title. The statute, however, has dispensed with this (17 Ency. of Pl. & Pr. 313), and so possession is not necessary in an action brought to establish a water right. (*Gutheil* v. *Town of Montclair*, 32 Colo. 420, 76 Pac. 1050.) But even under the equity rules, possession by a tenant was sufficient. (17 Ency. of Pl. & Pr. 317.) For the purposes of such a suit the possession of the tenant is the possession of the landlord. (*Moran* v. *Palmer*, 36 Wash. 684, 79 Pac. 476.) A remainderman may likewise maintain the action. (*Hall* v. *Cooper*, 47 Neb. 111, 66 N. W. 33.)

In view of these basic principles it is not surprising to find that the authorities hold that the owner of a water right may maintain an action to restrain an unlawful diversion notwithstanding he has let out the use of the water to another, or though he has personally no immediate use for the water and does not intend to make immediate use of it, and, accordingly, would be unable to recover any damages or anything more than nominal damages. Such is the holding of the supreme court of California. (*Moore* v. *Clear Lake Waterworks,* 68 Cal. 146, 8 Pac. 816.) And the general rule is laid down in Gould on Waters, 378, that "the reversioner may sue for any wrongful interference with the future enjoyment of property," and that "this includes all acts directly injuring his freehold, and all adverse uses tending to establish easements or to abridge his rights." A ditch company that has let out all the water to which it is entitled may bring an action in the interest of the consumers having contracts with it for water, to enjoin the diversion of water by one claiming adversely to it. (*Montrose C. Co.* v. *Loutsenhizer D. Co.,* 23 Colo. 233, 48 Pac. 532; *Sterling* v. *Pawnee Ditch E. Co.,* 42 Colo. 421, 15 L. R. A., n. s., 238, 94 Pac. 339.)

Not only is an action in equity maintainable under the facts stated in the counterclaim to remove the cloud from title and to prevent the continuance of the acts which, if persisted in, will ripen into a title, but an action at law in the nature of trespass on the case would be sustained. (*Arneson* v. *Spawn,* 2 S. D. 269, 39 Am. St. Rep. 783, 49 N. W. 1066.) It has been held that an action lies by a reversioner for a wrongful obstruction of lights of his house, for a permanent obstruction in the adjacent street, and for preventing the access of his tenants to a wharf. (*Kernochan* v. *New York E. R. Co.,* 128 N. Y. 559, 29 N. E. 65.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order directing the issuance of an injunction *pendente lite.* The action was brought to quiet title in the plaintiff to the use of fifty inches of the water flowing in Beaver creek,

in Broadwater county.   The complaint alleges an appropriation by the predecessors in interest of plaintiff and defendant in the year 1865 of about 1,000 inches of water, and a diversion thereof by means of a ditch for use upon placer mines and other purposes; a sale by such predecessors in 1881 of fifty inches to mesne grantees through whom the plaintiff claims title in consideration of a grant to the original appropriators by said grantees of a right of way across lands of the latter for a ditch which was thereafter constructed; continuous adverse use of the water the right to which was so conveyed by the mesne grantees and plaintiff to the bringing of this action; and a purpose on the part of the defendant to divert all of the water flowing in the stream, and to convey it away by means of a pipe-line to supply a water system about to be erected by it.   The prayer is for a decree declaring the plaintiff entitled to the use of the amount claimed, and for a perpetual injunction restraining the defendant from carrying out its purposes.

The amended answer of the defendant denies the right of plaintiff to the use of any of the water.   It then, by way of counterclaim, alleges, substantially, the following: That prior to 1865 its predecessors appropriated and applied to useful purposes 1,328 inches of water flowing in the stream; that after the date of its appropriation and down to the year 1901, when defendant by mesne conveyances acquired these rights, the water was continuously used by its said predecessors, and their successors in interest; that on March 8, 1910, the defendant leased to the Spokane Ranch and Water Company, a domestic corporation, all of said water and also certain other water designated as Beaver Creek bedrock drain water, and that since the execution of said lease all of the water has been used for agricultural purposes by said lessee and by other corporations and persons owning lands in the vicinity of the lands of the lessee and using said water under such agreement with the said lessee; that at divers times since the execution of the said lease by the defendant the plaintiff has by means of ditches tapping the stream above the head of the ditch by which the water is conveyed to the lands

referred to diverted water from the stream to such an extent that there has not been left flowing therein an amount equal to 1,000 inches, and that plaintiff has repeatedly so diverted water and threatens to do so to the great damage of the lessee of the defendant; that all the water so conveyed to defendant by its predecessors is necessary for the cultivation of crops of hay and grain on the lands of defendant's lessee and the adjacent land owners; that the entire amount of water now flowing in the stream and which has been flowing therein since July 10, 1911, has been much less than 1,000 inches, and less than is adequate for the cultivation and maturity of the crops growing upon the lands of the defendant's lessee for the irrigation of which it procured said lease to be executed. The prayer is for a decree against plaintiff perpetually enjoining it from diverting any water from the stream so as to reduce the amount of the flow to less than 1,328 inches. The amended answer was filed on July 20, 1911. It was accompanied by affidavits by H. H. Pigott and W. E. Fisher, respectively president and general manager of the Spokane Ranch and Water Company, and upon the showing made by these affidavits and the answer the district judge made an order requiring plaintiff to show cause why the injunction should not issue. It was made returnable at chambers in Bozeman, Gallatin county, on July 24, 1911. After a hearing had upon affidavits and oral testimony the order was made directing the injunction to issue.

The contention is made that the counterclaim does not state facts sufficient to warrant the making of the order. It will be noted that the pleading contains no allegation showing that defendant is bound by the terms of the lease to protect the Spokane Ranch and Water Company in the quiet enjoyment of the right leased, nor that the reversionary interest is being injured in any way, nor that the defendant will suffer any pecuniary loss if the plaintiff is not restrained during the progress of the litigation from doing the acts complained of. The only allegation of wrong other than that upon which defendant desires ultimate relief is that which is accruing and will accrue to the Spokane

Ranch and Water Company and its associates. The question presented, therefore, is whether the defendant is entitled to a temporary injunction solely upon the ground of plaintiff's interference with the right of the lessee company.

That a landlord may maintain an action against a stranger for [1] a permanent injury to his lands in the possession of a tenant cannot be doubted. By virtue of the lease an estate is carved out of the fee and is vested in the tenant, but the landlord still has an inheritance technically designated as the reversion. For a trespass upon the possession of the tenant or for injury to his estate, the right of action is in him. An injury which affects the reversion is a wrong to the landlord, to be redressed by an action by him, although the tenant is in possession. (24 Cyc. 925; *Arneson* v. *Spawn,* 2 S. D. 269, 39 Am. St. Rep. 783, 49 N. W. 1066.) The wrong may be such as to affect both these distinct interests. This gives a right of action to the owner of each. (*Kernochan* v. *New York E. R. Co.,* 128 N. Y. 559, 29 N. E. 65.)

The right to the use of water is an incorporeal hereditament, an intangible right. From its nature a contract with respect to it cannot, technically speaking, establish the relation of landlord and tenant. (*Swift* v. *Goodrich,* 70 Cal. 103, 11 Pac. 561.) Wrongs done by interference with such an interest cannot therefore be redressed by the same character of actions as are applicable to wrongs done by the invasion of corporeal rights. The most appropriate remedy to protect such an interest is a suit in equity. (*Barkley* v. *Tieleke,* 2 Mont. 59.)

But the form of the remedy does not alter the relation of the parties to each other or to their respective rights in the property. Under the statute, with the exceptions enumerated, an action must be brought in the name of the real party in interest. (Rev. Codes, sec. 6477.) There can be no doubt of the right of the [2] defendant to have the ultimate relief demanded in its counterclaim, *viz.,* the determination of plaintiff's adverse claim; for, if the plaintiff should be permitted to continue its diversion, the right thus asserted might finally ripen into a title by adverse use. Upon the assumption that defendant's right is superior,

plaintiff's diversion is an injury to the reversion which defendant may protect by suit, but the right of use during the term of the lease is vested in the Spokane Ranch and Water Company, the lessee.

The purpose of an injunction *pendente lite* is to preserve the *status quo* until the ultimate rights of the parties may be determined. Under the facts stated, the defendant has no concern as to whether its lessee is disturbed or not. The running of the statute is stopped by the pendency of the action; and, if the lessee is indisposed to assert its right of present use under its contract, this is no concern of defendant. The lessee might by intervention in this action or by an independent action obtain temporary relief by injunction, but the defendant is suffering no injury which demands this temporary relief. It must follow, therefore, that the court erred in issuing the injunction at the instance of the defendant. The order is accordingly reversed.

*Reversed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

