**CITY OF SHAWNEE v. BENNETT.**

No. 15573—Opinion Filed Sept. 15, 1925.

Rehearing Denied Jan. 26, 1926.

1. **Municipal Corporations—Liability for Injuries from Sign Falling in Storm—"Act of God" as Defense.**

When a heavy wooden sign, suspended over a street, is blown down by an unprecidented storm constituting an act of God, and strikes and injures one lawfully passing along the street or sidewalk, the plaintiff is not entitled to recover damages for injuries sustained, unless it is established that the negligence of the defendant commingled or concurred with the "act of God" in producing the injury complained of.

2. **Same—Erroneous Instruction.**

An instruction directing the jury to find for the plaintiff, even though they find that the injury complained of resulted from an accident due directly and exclusively to natural causes, constituting an "act of God," without human intervention, is erroneous and constitutes reversible error.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by W. T. Bennett against the City of Shawnee. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Arrington & Evans and Joe M. Adams, for plaintiff in error.

W. L. Chapman, for defendant in error.

Opinion by JONES, C.  This action was instituted in the superior court of Pottawatomie county, Okla., by W. G. Bennett, as plaintiff, defendant in error, against the city of Shawnee, as defendant, plaintiff in error, to recover damages for injury received by the plaintiff, alleged to have been the result of the negligence of the defendant. Upon the trial of the case to the court and jury, judgment was rendered in favor of the plaintiff and against the defendant for $2,000, from which appellant prosecutes this appeal.

The facts as disclosed by the record show that the plaintiff, Bennett, was injured on the 21st day of May, 1922, while on the sidewalk in front of what is known as the Becker, Theatre building, a three-story brick building in the city of Shawnee; that there was a large electric sign attached to this building, which extended over the sidewalk in front of same, which from the evidence was about eight feet in length, two feet in width, and was of a box formation, ten or twelve inches thick and about 20 feet from the surface of the sidewalk; weighed possibly 200 or 300 pounds, and had been so attached to the building for a period of about 20 years. It seems that the support, or fixtures, whereby the sign was attached to and extended out from the wall, had given away to some extent and caused the sign to sag, which condition had been called to the attention of the city authorities, and the party occupying the building had been ordered to take the sign down, but instead of removing the sign, he ordered one of his employes to secure or fasten the sign to the building by the use of a chain, which was done, and it appears from the evidence that the sign was reasonably secure and safe at the time the injury occurred; however, there is a conflict of evidence on this point.

The defendant contends that the injury was the result of an unprecedented storm, or by act of God, and in this connection the record discloses that there was a very heavy rain and storm in progress at the time the injury occurred, and that the fire wall and a portion of the roof of the Becker building were blown down, and that a large quantity of brick and timber from the building was blown on to the sidewalk in front of the building, and that the sign which fell to the sidewalk during the storm and at the time the injury occurred was practically covered with brick and other material blown from the building. Other buildings were damaged, trees were uprooted, and considerable damage resulted from the storm throughout the city.

Appellant cites numerous assignments of error, a number of which are argued in its brief, but we think the error complained of involving instruction No. 8 given by the court is the principal error assigned, and necessitates a reversal of the case, and therefore we will not discuss or make further mention of other assignments of error and arguments presented.

Instruction No. 8 complained of is as follows:

"You are further instructed that what is

known in law as an 'act of God' means any accident, due directly and exclusively to natural causes without human intervention, which by no amount of foresight, plans or care, reasonably to be expected, could have been prevented.

"You are further instructed that if you find from the evidence in this case that plaintiff was injured by the falling of a sign that had been permitted to stretch or span across the sidewalk or any part of such walk, and that said sidewalk was a public walk of said city, the defendant herein, and that said sign was in a dangerous condition and liable to fall and injure pedestrians using said walk in a lawful and legal manner, and that said defendant city knew of such condition, or if such dangerous condition had existed for such a time, that by ordinary care, the city authorities could have repaired or removed the same, then and in that event you will find for the plaintiff. And even though you should find that the rain and the wind that blew said sign down and upon the plaintiff, if you so find that the same was blown down and upon the plaintiff, was an accident due directly and exclusively to natural causes without human intervention, constituting an act of God as above defined, you will still find for the plaintiff if you find from the evidence that said sign was in a dangerous condition and was liable to fall and was a menace to pedestrians, and that the defendant knew or by the use of ordinary care could have known of such dangerous condition of said sign."

This instruction, we think, is erroneous for the reason that it destroys the only defense offered by defendant, wherein they aver that the injury was the result of an act of God, to wit, an unprecedented storm. Both appellant and appellee seem to reply on the rule announced by this court in the case of Missouri, K. & T. Ry. Co. v. Johnson, 34 Okla. 582, 122 Pac. 567, which has been followed by this court in the more recent case of City of Purcell v. Stubblefield, 41 Okla. 562, 139 Pac. 290, which is a case very similar to the case at bar.

In the Johnson Case, supra, the court announces the following rule:

"An act of God, such as an unprecedented rainfall and resulting flood, which will excuse from liability, must not only be the proximate cause of the loss, but it must be the sole cause. If, however, the injury is caused by an act of God, **commingled** with the negligence of the defendant as an efficient and contributing concurrent cause, and the injury would not have occurred ex-

cept for such negligence, the defendant will be liable."

And in the body of the opinion the court quotes from Hutchison on Carriers, section 292, wherein it is stated:

"But although the carrier will be excused if an act of God occasioned the loss, if it appear that his own misconduct concurred with the act of God in bringing the loss about, he cannot escape liability.* * *"

Also quotes from the case of Gratiot St. Warehouse Co. v. M., K. & T. Ry. Co., 124 Mo. App. 545, 102 S. W. 11, wherein the court said:

"Now, it is well settled law that if the defendant's negligence commingled with and operated as a contributive element proximate to the injury, even though such injury is to some and even a paramount extent operated by the act of God, the defendant will be liable as though its negligence were the entire and sole cause of the loss. In order for the defendant to escape liability under the exemption afforded by the law to the entailments of an act of God, the act of God must be the sole and only cause of the injury, and this, too, unmixed with the negligence of the defendant; for, if the defendant's negligent act commingled with it in the loss as an active and co-operative element and the loss is proximate thereto, or, in other words, is a reasonable consequence of the negligent act, it is regarded in the law as an act of the carrier rather than an act of God. * * *"

In the Stubblefield Case, supra, in the 3rd paragraph of the syllabus, the court said:

"When a heavy wooden sign, permitted to remain suspended over and above a street, is blown down by a severe wind, and strikes and injures one lawfully passing along the street, the city cannot relieve itself from liability by asserting that the injury was caused by an act of God, unless it also shows that the wind was unprecedented, and was the sole cause of the injury."

We think from a careful reading of the authorities cited and the rules therein established in connection with the instructions complained of, the instruction is erroneous in that it fails to call to the attention of the jury that element or rule which is made prominent by the authorities, wherein the defendant is held liable, where an act of God is offered as a defense, and it is shown that the act of God commingling or concurring with the negligent acts of the defendant produced the injury complained of, and that portion of the court's instructions wherein the jury are directed as follows constitutes error:

"And even though you should find that the

rain and the wind that blew said sign down and upon the plaintiff, if you so find that the same was blown down and upon the plaintiff, was an accident due directly and exclusively to natural causes without human intervention constituting an act of God as above defined, you will still find for the plaintiff," etc.

We think the instruction, wherein the jury are told that they should find for the plaintiff, even though they should find that the accident was due directly and exclusively to natural causes, without **human intervention,** constituting an act of God as above defined, is erroneous. The jury should have been instructed that if they should find by a preponderance of the evidence that the injury was the result or caused by the negligence of the defendant, commingling or concurring with the act of God, or if injured by the act of God commingling or concurring with the negligence of the defendant, that the plaintiff would be entitled to recover, but if the injury was caused or due directly and exclusively to natural causes without human intervention, then, as we understand the rule, no liability would exist and the plaintiff would not be entitled to recover. The instruction given, to say the least of it, is not clear and is calculated to confuse and mislead the jury on this issue, which is very material in this case, and especially is this true, in view of the fact that there is a sharp conflict in the evidence on the question of how the injury occurred, and whether or not the sign complained of was securely fastened to the building or properly installed at the time the storm occurred, and we are inclined to the opinion that the judgment of the trial court should be reversed and remanded for a new trial in conformity to this opinion, and we so recommend.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 1,176, §§2, 3: 29 Cyc. p. 441. (2) 29 Cyc. p. 652 (Anno).