## CITY OF PURCELL v. STUBBLEFIELD.

No. 3454.    Opinion Filed February 28, 1914.

(139 Pac. 290.)

1.    **MUNICIPAL CORPORATIONS**—Defective Streets—Personal Injuries—Liability. A municipal corporation in the Indian Territory, prior to statehood, being governed by the Arkansas laws, was not liable for injuries resulting to persons from defective streets and obstructions along and across the sidewalks thereof, and on November 16, 1907, by the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 St. at L. 267), the laws governing municipal corporations in Oklahoma Territory, and then in force, were extended over towns and cities in the Indian Territory, and these laws imposed a duty on municipal corporations and their officers to maintain the streets and sidewalks in a safe condition for the use of its inhabitants and other persons lawfully using the streets.

2.    **SAME.** On January 28, 1909, it was the duty of the city of Purcell, being a city of the first class under the statutes of Oklahoma, to use reasonable care to keep its streets and sidewalks in a safe condition for persons using the same, and for failure to perform this duty said city was liable in damages to one injured by a sign falling and striking him, which had been permitted to remain across and above the sidewalk on one of its streets; the negligence of such person not contributing to such injury.

3.    **SAME**—Defects—"Act of God." .When a heavy wooden sign, permitted to remain suspended over and above a street, is blown down by a severe wind, and strikes and injures one lawfully passing along the street, the city cannot relieve itself from liability by asserting that the injury was caused by an act of God, unless it also shows that the wind was unprecedented, and was the sole cause of the injury.

(Syllabus by Galbraith, C.)

*Error from District Court, McClain County;*
*Robinson McMillan, Judge.*

Action by J. H. Stubblefield against the City of Purcell for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. W. Hocker,* for plaintiff in error.

*J. F. Sharp, John E. Luttrell,* and *J. B. Dudley,* for defendant in error.

Opinion by GALBRAITH, C.   On the 13th day of October, 1909, J. H. Stubblefield commenced this action in the district court of McClain county against the city of Purcell, a city of the first class, under the statutes of Oklahoma, to recover damages for personal injuries resulting to him from its alleged negligence. It is charged in the petition that on the 28th day of January, 1909, while passing along Main street, one of the principal thoroughfares of the defendant city and near the location of the United States post office therein, about one o'clock in the afternoon of said day, a heavy wooden sign, which the defendant city had permitted to be suspended and remain over the sidewalk, and immediately over and above the heads of the persons passing along said sidewalk, broke loose from its fastenings, fell upon the plaintiff, striking him upon the head and severely injuring him, cutting and lacerating his head and right eye, making a wound one and seven-eighths inches in length, and otherwise injuring him, from which he suffered great bodily pain and mental anguish, loss of time, etc., to his damage in the sum of $2,500, and that said sign had been permitted by the defendant city to be suspended in a careless and negligent manner from the roof of an awning over the sidewalk supported by small wires, and said wires had become worn, rusted, and twisted so as to greatly weaken their strength, and render them unsafe to hold said sign against the force of the ordinary winds prevalent in that locality; that this sign had been permitted to remain in this unsafe condition for months prior to plaintiff's injury; and that the plaintiff was without knowledge of the dangers threatening and imminent to persons passing along the street beneath it, and that he was without fault or negligence.   The defendant city denied its responsibility for the hanging of said sign, or permitting it to remain across the street, and alleged that it had neither actual nor constructive notice of the danger, and denied any negligence or carelessness on its part, and as a special defense alleged that the falling of the sign was due to an extraordinary wind that was blowing at the time, and that the accident was caused by an act of God, and the city was therefore not liable.

A reply was filed by the plaintiff, and the cause was submitted to the court and a jury, and a verdict rendered in favor of the plaintiff in the sum of $500. Upon the overruling of the defendant's motion for a new trial, an appeal was perfected to this court by petition in error and case-made.

The several assignments of error are grouped and discussed in the plaintiff in error's brief under three propositions, viz.:

"First. A municipality governed by the laws in force in the Indian Territory, by the acts of Congress not being liable for injuries resulting from the negligence of its officers in failing to maintain its streets and sidewalks in a safe condition, did the adoption of the Constitution make the city liable for an injury happening after statehood caused through the negligence of its officers occurring prior to statehood?

"Second. Is a municipal corporation in Oklahoma an insurer of the safety of its streets, or only chargeable with the exercise of ordinary care and diligence in preventing the erection and maintenance of dangerous objects over its sidewalks by the occupant of the abutting property?

"Third. Would a municipal corporation in Oklahoma be chargeable with negligence by an object suspended above its streets falling into the street, the proximate cause of the falling being a sudden gust of wind or wind of extraordinary violence, which could not, with the exercise of reasonable foresight, have been contemplated?"

It is insisted that a negative answer should be returned to each of these questions.

It may be conceded that a municipal corporation in the Indian Territory prior to statehood was not liable to an individual for injuries produced by the negligence of its officers in the construction and maintenance of the streets and sidewalks therein (as was held by the Circuit Court of Appeals for the Eighth Circuit, in the case of *Blaylock v. Incorporated Town of Muskogee*, 54 C. C. A. 639, 117 Fed. 125), following the decisions of the highest court in Arkansas, from which state the law governing such cities was adopted by act of Congress.

It is argued that, inasmuch as the sign causing the injury to the plaintiff was erected by a citizen prior to statehood, and since, under the law governing cities in the Indian Territory

prior to statehood, the city could not be held liable for the injury, then under the Schedule of the Constitution providing that "no existing rights, actions, * * * shall be affected by the change in the forms of government," etc., the laws in force in Oklahoma Territory and extended over the state by the Enabling Act (section 394, Wilson's Rev. & Ann. St., being section 589, Rev. Laws 1910), giving the city council the right to prohibit and prevent all encroachments into and upon the sidewalks, etc., and the power to regulate the building of stairways, windows, doors, awnings, and all other structures, etc., projecting upon, over, and adjoining sidewalks along the streets of the city, and the construction of this statute placed upon it by the Supreme Court of the territory, holding municipal corporations liable for damages of the character complained of in the instant case, was not applicable and did not apply to cities located in what was formerly the Indian Territory part of the state, and therefore the defendant city is not liable in the instant case. This argument is not sound. The injury not having been received until fourteen months after statehood, the cause of action did not arise prior to that time. So far as the instant case is concerned, upon the advent of statehood, there was no "existing rights, actions," to be affected by the change in the laws and form of government. The laws then in force in Oklahoma Territory relating to municipal corporations were applicable to municipal corporations in the Indian Territory. These laws having been extended throughout the entire state on November 16, 1907, by the terms of the Enabling Act, the obligations and the duties thereby imposed were controlling in the defendant city the same as in other cities of the same class throughout the state. The defendant city is charged in the petition not only with negligence in permitting this sign to be erected and supported in the manner it was, but it is also charged with negligence in permitting it to remain in the position in which it was placed, being a menace and danger to persons passing along the street beneath it, a clear charge of failure to discharge a plain duty imposed upon the defendant city by the laws by which it was governed subsequent to statehood. While it is true that

the city would not have been liable, if the accident had occurred prior to statehood, yet, since it did happen more than a year after statehood, and since the law extended over the defendant city at statehood imposed new duties and obligations upon it, among which was the duty of keeping and maintaining its streets and sidewalks in a safe condition for persons using the same in a lawful manner, for failure to discharge this duty after such laws were extended over and placed in force throughout the entire state, the defendant city was liable the same as cities organized under the statutes of Oklahoma. See *Town of Norman v. Teel,* 12 Okla. 69, 69 Pac. 791; *City of Stillwater v. Swisher,* 16 Okla. 585, 85 Pac. 1110; *City of Oklahoma v. Meyers,* 4 Okla. 686, 46 Pac. 552; *City of Guthrie v. Swan,* 6 Okla. 423, 41 Pac. 84; *Town of Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159.

The rule is announced in *Norman v. Teel, supra,* as follows:

"A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of traveling, and, if it fails to do so, it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured exercises ordinary care to avoid the injury. Ordinary care as applied to this class of cases means that degree of care and caution which might reasonably be expected of an ordinarily prudent person under the circumstances * * * at the time of the injury, and this is a question of fact for the jury to determine."

In the *Town of Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159, the second paragraph of the syllabus is as follows:

"A person traveling on a public street of a city, which is in constant use by the public, while using the same with reasonable care and caution, has a right to presume that such street is in reasonably safe condition, and is reasonably safe for ordinary travel by night, as well as by day, throughout its entire width, and is free from all dangerous holes and obstructions."

And the third paragraph of the syllabus reads as follows:

"In an action against a municipal corporation for personal injuries, there is no presumption that the plaintiff or defendant is guilty of negligence, and, in order to entitle the plaintiff to recover, it is sufficient for him to show that the defendant was

guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part; and, when such facts are proven, it devolves upon the defendant to prove affirmatively that the plaintiff was guilty of contributory negligence."

It appears from the evidence that the defendant city had no ordinance regulating the erection or hanging of signs along its streets, and that it had no actual notice of the danger of this particular sign; still, if by the use of ordinary diligence by its officers the danger could have been discovered, it is charged with actual knowledge. It is said by the Supreme Court of Oklahoma Territory, in *Norman v. Teel, supra,* on this question:

"The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that, by the exercise of ordinary care and diligence, the city authorities could have repaired the defect, and placed the street or sidewalk in a reasonably safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby by reason of such negligence, provided the injured party was in the exercise of ordinary care."

Where a sign nine feet and ten inches in length, seventeen and one-half inches wide, and weighing 44 pounds, was permitted to remain suspended over the walk for more than a year after statehood and prior to the accident, whether the city during these months should have discovered the dangers incident to the sign hanging in the manner and position it was, and its failure to remove it or cause it to be securely fastened constituted negligence, was a question of fact for the jury to determine. The jury by its verdict found that the defendant city was negligent in this, and this finding, being supported by sufficient evidence, is conclusive on that point.

In answer to the third contention of the plaintiff in error, that it cannot be held liable because the injury was occasioned by the act of God, it is only necessary to say that the evidence shows that on the day and at the time of the injury a strong wind was blowing in Purcell. There was a conflict in the testimony as to whether such winds were unprecedented, or were

reasonably to be expected at that season of the year in that locality. The character of the wind and its relation to and connection with the accident were questions of fact for the jury. Even if it were admitted that the wind was unprecedented on that day, and that there had never been such a wind as that before, yet, if the accident was not due entirely to this wind, but the strong wind in connection with the negligence of the defendant operated as an efficient and contributory concurrent cause, then the defendant would still be liable. The definition of an act of God, as given by this court, is "an act of God, such as an unprecedented rainfall and resulting flood, which will excuse from liability, must not only be the proximate cause of the loss, but it must be the sole cause. If, however, the injury is caused by an act of God, commingled with the negligence of the defendant, as an efficient and contributory concurrent cause, and the injury would not have occurred except for such negligence, the defendant will be liable." *M., K. & T. Ry. Co. v. Johnson,* 34 Okla. 582, 126 Pac. 567. Applying this definition to the facts of this case, in order for this defense to avail the defendant city, it must be found that the wind that day was of an extraordinary and unprecedented velocity, and that this wind was the sole cause of the sign falling and the resulting injury. No one can say upon this record that the wind, extraordinary though it may have been, was the sole cause of the accident, nor that the negligence of the city and its officers in allowing this sign to remain swinging over the sidewalk for fourteen months was not a contributing cause of the accident.

The jury may have found from the evidence that this large sign suspended over the sidewalk, supported by small wires, bent and rusty, so that a gentle breeze caused it to swing back and forth, was a danger and menace to persons passing under it, at any time, and, when the gentle zephyrs down Purcell way should lash themselves into the fury of a gale, it became a real peril to any one passing that way, and that, if the defendant city had discharged the duty imposed upon it by law, the sign would have been removed long prior to January 28, 1909, the date of the accident.

Exceptions were saved to a number of instructions given by the court, and also to the court's refusal to give a number of instructions requested by the plaintiff in error. It does not seem to be necessary to examine these instructions in detail, since the court, in its instructions to the jury, covered the theory of the law as hereinbefore set out, namely, that subsequent to statehood the duty was imposed upon the defendant city by the statute to use reasonable care and caution to keep its streets and sidewalks in a safe condition for public travel; and whether or not this duty had been properly discharged by the defendant, and whether or not it had notice of the dangerous condition of this sign, these several issues were properly submitted to the jury under the instructions. The plaintiff in error embodied its theory as hereinbefore discussed in the requested instructions, and we are constrained to hold that the court did not err in refusing to adopt the theory of the law of this case as set out in these requested instructions; and it was not error to refuse to give them.

No sufficient reason appearing for disturbing the judgment appealed from, we conclude that the same should be affirmed.

By the Court: It is so ordered.