## McNEIL v. LARSON.

No. 24265. March 12, 1935.

Rehearing Denied April 23, 1935.

Brown Moore, for plaintiff in error.

W. M. Taylor, George R. Taylor, and Mills, Cohen & Taylor, for defendant in error.

PER CURIAM. Frank Larson was plaintiff in the court below and J. J. McNeil was defendant, and they will be so referred to here. Defendant has died since this appeal was lodged in this court, and this cause has been revived in the name of Anna Mae McNeil, administratrix of the estate of J. J. McNeil, deceased.

Plaintiff sued the defendant for damages arising out of the sale of an automobile to plaintiff by defendant and the failure and

refusal of the defendant to give a certificate of title. The sale in question took place through an alleged agent of the defendant whose agency was denied under oath. Complaint is made of the competency of the evidence offered to sustain agency. Sufficient competent evidence is shown in the record to prove agency, but it is not necessary to determine whether or not the incompetent evidence which was admitted prejudicially affected the rights of the defendant, as the case must be reversed for another reason.

At the time of the sale, the plaintiff's testimony shows he did not know that the defendant had any interest in the car being sold and did not learn this for some time afterwards. Defendant's testimony is that he did not know to whom the car had been sold.

The present suit was filed August 26, 1931, and the car in question was sold on August 18, 1930. It appears that no actual demand was made on the defendant personally for the title certificate until along in June of the following year. At least, this is the first date fixed by the evidence of either party. Plaintiff did testify that the agent who sold him the car told him he would furnish him a certificate of title, but he used the car at least until the first of the year, and we do not understand that the failure to furnish the certificate of title in any way invalidated the sale or that title did not pass by reason thereof. Parrott v. Gulick, 145 Okla. 129, 292 P. 48.

Complaint is made of the instructions offered, and it is contended upon the part of the defendant in error that the exceptions were not properly saved thereto, but inasmuch as a motion for a directed verdict was overruled and due exceptions saved, when in our judgment it should have been sustained, it is not necessary to pass upon the instructions.

The judgment of the court below is reversed, with directions to enter judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys John H. Halley, Streeter B. Flynn, and Frank Wells in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Halley and approved by Mr. Flynn and Mr. Wells, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.