### NEOSHO MOTOR CORPORATION v. PATTERSON.

No. 28437. March 21, 1939.

Gayle M. Pickens, for plaintiff in error.

J. J. Smith, for defendant in error.

CORN, J. The plaintiff in error; Neosho Motor Corporation, brings this appeal to reverse a verdict and judgment of the district court of Ottawa county, rendered in an action brought by defendant in error, as plaintiff below, to recover a money judgment. Hereafter we shall refer to the parties as they appeared in the trial court.

Plaintiff filed his petition alleging he had, on June 27, 1936, entered into a contract to purchase a certain described automobile from defendant, at the time trading in his old car as down payment at an allowance of $115. It was also alleged at time of filing suit he had made payments totaling $203, which made a total of $318 paid on the purchase price of the car.

Plaintiff alleged at the time he bought this car it bore a Missouri license plate, but defendant represented to him the title in the car would be cleared and he would get a complete title. Plaintiff further alleged defendant failed to secure a proper title, and that on March 1, 1937, state officers took the car from him, and although he demanded back the money he had paid on the car, defendant refused to repay him. The petition further asked $100 damages for loss of use of the car, and asked judgment in the total amount of $418.

By answer defendant admitted plaintiff purchased the car as alleged, and that it did not have clear title to the car at the time it was sold to plaintiff, but answered that diligent effort had been made to secure clear title and plaintiff had been furnished with another car during the time he was without the car purchased. Also, the day after summons was issued in this action, defendant got clear title to the car and tendered the car back to plaintiff, but he refused to accept it. Further, plaintiff had used the car for eight months without demanding certificate of title from defendant.

At the trial a demurrer to plaintiff's evidence was overruled, as was defendant's demurrer at the close of all the evidence. After receiving instructions from the court, the jury returned a verdict for plaintiff for $200. Motion for new trial was overruled, and defendant has appealed. All the assignments of error are presented under the proposition:

"Does the failure to deliver a certificate of title, properly assigned, make the sale of an automobile void so as to render the seller liable in damages, when the purchaser has bought the car with the knowledge of the condition of the title, and has used the car for a long period of time?"

It is defendant's argument this sale was governed by section 3, chapter 43, S. L. 1925, and cites cases from this court to the effect that sale and delivery of a motor vehicle under such provisions of our statutes, without complying with the regulatory features of the act, does not render the sale void.

In Parrott v. Gulick et al., 145 Okla. 129, 292 P. 48, paragraph 2 of the syllabus says:

"The failure to comply with the regulatory provisions of chapter 43, Session Laws 1925, renders the offender liable to punishment, but does not destroy the consideration for the purchase of said car where the vendee takes possession of and uses the same for a long period of time without demanding a certificate of title."

Defendant also relies upon McNeil v. Larson, 171 Okla. 608, 43 P.2d 397. In that case the plaintiff bought a car, but did not demand the title for a considerable length of time, and then sought to recover damages for failure to deliver title. In denying the plaintiff's right to recover damages, this court reaffirmed the rule laid down in the Gulick Case, supra.

Defendant contends plaintiff should not be allowed to recover in the case at bar because he bought the car knowing defendant did not have title, and is, therefore, in an even less favorable position to recover damages than the plaintiff in the McNeil Case, supra.

We decline to place any such interpretation upon this question in order to lend force to the defendant's contention. A part of one section of the statutes, section 10296, O. S. 1931, upon which defendant relies, provides, in part:

"* * * Said licensed dealer shall, on selling or otherwise disposing of said motor vehicle, execute and deliver to the purchaser thereof an affidavit of conveyance or assignment in such form as the Highway Commission shall prescribe, **to which shall be attached the assigned certificate of title received by such dealer.**"

The statute itself, then, provides that the dealer shall furnish the purchaser with a certificate of title. Admittedly, the defendant failed to do this for a number of months. By reason of such failure plaintiff was deprived of possession of his automobile through no fault of his.

By the terms of the sale contract the statute placed upon the defendant the duty to furnish plaintiff with a certificate of title to the automobile purchased. The de-

542

fendant failed to discharge this duty. Therefore, it unalterably follows that the consideration, for which plaintiff was induced to pay over his money, totally failed, not by reason of any default on the part of the plaintiff, but solely because the defendant did not perform the duty owed to the plaintiff.

Under these circumstances we cannot hold otherwise than that the furnishing of a proper certificate of title to the plaintiff was an essential part of the contract entered into by the parties and that the failure to do so must be held to have destroyed the entire consideration, or at least that it was such an indispensable part of their agreement that the contract could not have been made had such condition been omitted.

We hold plaintiff was properly entitled to treat the contract as being at an end and sue to recover what he had paid, in view of the fact the consideration therefor had entirely failed. The cases relied upon by defendant are distinguishable from the facts in this case.

Judgment affirmed.

BAYLESS, C. J., and GIBSON, HURST, and DANNER, JJ., concur.