GULF OIL CORPORATION v. LEMMONS.

No. 32400. May 13, 1947.

*181 P. 2d 568.*

Hamilton & Kane, of Pawhuska, and Wm. C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, and James B. Diggs, all of Tulsa, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, both of Pawhuska, for defendant in error.

RILEY, J. Gulf Oil Corporation appeals from a judgment based on a jury's verdict, awarding $533, interest and costs, to Clifford W. Lemmons as damages to growing crops owned by plaintiff, alleged to have been injured by the escape of oil from defendant's pond used in defendant's development for oil.

Plaintiff pleaded that the Arkansas river overflowed its banks in the spring of 1944; that the flood waters extended over defendant's leasehold and washed deleterious substances (oil and base sediment from the pond and salt water from defendant's lease) and deposited them upon plaintiff's growing crops, resulting in the injury and damage.

Plaintiff's proof tended to establish that the injury to the crops was caused solely by the oil deposited on the crops and not to any extent by the flood waters, which soon subsided.

Gulf Oil Corporation, by answer, denied generally, but affirmatively pleaded the "extensive flood" as being the sole cause of plaintiff's damage.

The trial court, by instruction No. 7, in submitting the issue to the jury as to the cause of plaintiff's damage, referred to the particular floods of the Arkansas river as being an act of God.

In the trial of the case it was neither pleaded nor proved that the particular flood was extraordinary, and as no issue was made as to whether the flood was unprecedented, it is urged that the issue of an act of God or the doctrine of man's immunity from damage caused solely by nature's act was improperly applied, Boatman's Bank v. Rogers, 177 Okla. 85, 57 P. 2d 860, and that reversible error was thereby committed.

Whether the term "act of God" in its legal sense be limited to the events in nature so extraordinary that no warning of them is afforded, Gulf Red Cedar Co. v. Walker, 132 Ala. 553, 31 So. 374, or whether "Everything", as Lord Mansfield said (Forward v. Pittard—Vol. 2, Words & Phrases, Perm. Ed. p. 169 et seq.) "is an act of God that happens by His permission and by His knowledge", it is our view that the trial court's designation of the particular flood as an "act of God" did not constitute reversible error.

The doctrine of immunity from liability for damages under the defense of act of God is based on the view that negligence of the human agency did not cause the injury, but that the sole cause was nature's violence.

Plaintiff contended that defendant's omission joined with the flood of the river was the direct and proximate cause of the injury. The defense was that nature's act alone caused the damage. The use of the phrase "act of God" did not inject any new issue into the case. If the flood, extensive as pleaded by defendant and as shown by the evidence, was not unprecedented or so extraordinary as to be unexpected, less excuse existed for the escape of deleterious substances from defendant's pond, a fact, by the verdict and judgment, presumed to have been established.

Defendant relies, for definition, upon City of Purcell v. Stubblefield, 41 Okla. 562, 139 P. 290, and Chicago, R.I. & P. Ry. Co. v. Morton, 57 Okla. 711, 157 P. 917.

In Stubblefield Case, supra, release from liability under the defense of act of God required a twofold finding inclusive of (1) that nature's act was the sole cause of the injury, and (2) that the natural cause was of such character as not to be expected and consequently avoided by precautions.

In Morton Case, supra, under a plea of act of God, the same dual requirement was made of a defendant as a condition of the doctrine's application.

The mere fact that the last of these requirements was not established by plea nor proof, and that the term "act

of God" was employed by the trial court to state the sole, affirmative defense that plaintiff's damage, if any, was caused by the flood, seems to be such an error as could not have harmed the defendant.

It is the general view that by act of God is meant some inevitable accident as could not have been prevented by human care, skill, and foresight, but which results exclusively from nature's cause, such as lightning, tempest, and floods. Vol. 2, Words & Phrases, Perm. Ed., p. 169 et seq.; Ewart v. Street, 2 Bailey (S. C.) 157, 23 Am. Dec. 131. Our conclusion is that employment of the term as contained in the instruction did not constitute reversible error.

Reversal is sought because the trial court refused to give defendant's requested instruction No. 5. The instruction would have withdrawn from the jury plaintiff's evidence concerning salt water, admitted under allegations contained in plaintiff's petition.

The requested instruction was based upon a statement, in course of trial, by plaintiff's counsel to the effect that plaintiff did not rely upon proof of damage by salt water flowing from defendant's lease. In view of the state of the record, the trial court did not commit reversible error in refusing to give the instruction.

It is urged that instruction No. 5, given by the trial court, was error. The instruction advised the jury that it was negligence per se to allow oil to be deposited upon water and carried to the lands of another. The instruction follows the statutory law as construed in Texas Co. v. Mosshamer, 175 Okla. 202, 51 P. 2d 757, and related cases. "To allow", as used in the instruction, has the significance of suffering the oil to be deposited upon the lands of another by not preventing escape of the same. The instruction as given, in view of this meaning attributable to the words used, was not in error, but proper.

Defendant claims that the evidence, without dispute, shows that waste oil theretofore drained in the slush pool had been burned, hence it was impossible that any waste oil could have been carried by flood water so as to injure or destroy plaintiff's crops, and that the undisputed fact requires a reversal. We find the state of the record such as to reasonably support the conclusion of the jury, as evidenced by the verdict. Our review of the evidence convinces us that the conclusion of the jury is sustainable as a contested question of fact.

In the fourth and last proposition, defendant urges reversal for alleged misconduct of the trial court. The action of the trial court, to which exception is made, occurred in regard to the matter of admitting certain testimony of an infirm witness who could not climb the stairs to the courtroom. The court expressed the view that unless agreement could be had as to the proof offered the testimony of the witness would be taken in the basement of the courthouse. The court indicated that it would be an inconvenience to go to the basement to adduce the testimony and urged agreement upon the matter sought to be proved. We think the action of the court was not such as to violate the substantial rights of defendant. Empire Oil & Refg. Co. v. Fields, 188 Okla. 666, 112 P. 2d 395.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, GIBSON, and ARNOLD, JJ., concur.