JORDAN et al. v. LAKE.

No. 34203.   July 10, 1951.

*234 P. 2d 405.*

Arnote, Arnote & Bratton, McAlester, for plaintiffs in error.

Guy L. Andrews and Gene Stipe, McAlester, for defendant in error.

JOHNSON, J. The plaintiffs in error, H. B. Jordan and Huby Jordan, d/b/a Jordan's Auto Mart, will be referred to as defendants and defendant in error, Robert P. Lake, as plaintiff.

The essential facts are that defendants on the 15 day of November, 1947, sold plaintiff a 1936 Ford Fordor Sedan, Motor No. 18,3679818, Arkansas license No. 152-063, for a consideration, as alleged by plaintiff, of $695; that as a down payment plaintiff delivered to defendants his car for which he received $445 credit. He gave defendants a note secured by a mortgage on the car purchased in the sum of $373.52 payable, first payment $35.71 and balance in eleven payments at $30.71 starting January 1, 1948.

On February 8, 1948, the defendants took possession of the car and gave the plaintiff notice of sale of the car for failure to pay the payments as per the note and mortgage.

On February 10, 1948, and before any sale, plaintiff filed a petition in the district court of Pittsburg county, Oklahoma, praying for an injunction to prevent the defendants from selling the car and to require them to foreclose in an action at law. The court granted a temporary restraining order restraining the mortgage foreclosure by advertising and required the same to be foreclosed by law.

Defendants filed their answer and cross-petition on March 18, 1948, setting up their note and mortgage, and asking that same be foreclosed according to law.

Thereupon plaintiff filed a response, wherein he denied generally the allegations of defendants and asserted a breach of the contract of sale and breach of warranty of the condition of the used car purchased by him; the failure to deliver to him a certificate of title and prayed for the cancellation of the contract; the cancellation of the note and mortgage; for the return of $499.45, the amount paid, with interest, on the contract; for $250 actual damages and $500 exemplary damages, all in the total sum of $1,249.45 and costs.

The defendants filed a verified general denial to plaintiff's pleading.

Trial was had and, at the close of plaintiff's evidence, defendants demurred thereto. The demurrer was overruled and defendants adduced their evidence, at the close of which both plaintiff and defendants moved for an instructed verdict. These motions were overruled and cause submitted to the jury, which returned the following verdict:

"We . . . find for the plaintiff and fix the amount of his recovery at $445, amount due on purchase price of the automobile $ ......... actual damages and $ ......... punitive.

"Ben W. Plymate

"Foreman"

Defendants' motion for new trial being overruled, defendants appeal.

The plaintiff seeks to rescind the contract of purchase on two grounds:

First: That certain alleged repairs that defendants had verbally agreed to be made on the car had not been completed.

Second: Because defendants never delivered to plaintiff a certificate of title to the car which defendants were required by law to do and agreed to so do, but after many demands and requests of plaintiff, defendants never delivered same.

Defendants contend:

First: That plaintiff's first contention was abandoned and that the judgment of the court, which was based upon the verdict of the jury was not sustained

by sufficient evidence and is contrary to law.

Second: That the court erred in refusing to give peremptory instructions requested by defendants and in failing to instruct a verdict for them.

Third: The court erred in giving instruction No. 8 and that no proper instruction for measure of damages was given.

The evidence disclosed that at the time plaintiff bought the car there were certain repairs needed, which defendants agreed to make, but shortly after the purchase by plaintiff, he had a wreck and damaged the car to the extent of approximately $33, which he paid. It also appears that defendants never completed the repairs agreed upon. The plaintiff testified that at the time he purchased the car he did not receive a certificate of title; that in the latter part of November, 1947, he was informed by the defendants that they did not have the title but would have it in a few days; that this statement was made to plaintiff after he had signed the contract; that he did not get the title in time to register his ownership within the 10 days required by law nor to purchase Oklahoma license, also required by law; that he tried two or three times a week thereafter to get the title; that he went to their car lot and asked for the title but defendants would always inform him that they would have the title in a day or two; that this continued until January 28, 1948; that on January 28, 1948, he informed defendants that he wanted them to take the car back and return his money; that he was advised to return the car and demand his money; that he did return the car; but defendants refused to accept it and informed him that they would give him his money back if he would pay off the note, but defendants did not give, or offer to give, him the title to the car; that he had never seen the title and it had never been tendered to him as claimed by defendants; that on the date he took the car back (January 28, 1948) to either get his title or his money, Harlan Jordan told Archie Bibbs, an employee of defendants, "You'd better get on the ball and get the title"; that defendants put in a call to Fort Smith, Arkansas, while he was there; that he took the car back home; that he had traded his car in for $445 and made the first payment of $35.71; that Huby Jordan asked his attorney to have plaintiff to come in and talk with him; that he went to see him as requested and was asked, "What do you want anyway?" Plaintiff informed him that he wanted the money he had put on the car and was asked when the payment was due and that he informed him it was due "yesterday" and was asked if he were going to make it; that he informed defendant he would have to see his attorney. Thereupon, Jordan said, "Well, I will just take your car and not give you anything either"; that plaintiff then drove the car home; that thereafter his car was taken out of the yard at his home without his knowledge or consent; that he reported the car to the sheriff's office as stolen; that the car was later located in the defendant's garage.

Thereupon, plaintiff introduced as his exhibit one contract of sale which shows a cash price for the car purchased of $695, a used car allowance of $445 and a balance due of $250, with insurance added, making a total of $273.52, to be paid in one payment of $35.71 and eleven notes for $30.71.

Other witnesses testified tending to corroborate plaintiff.

We are of the opinion that the evidence, though conflicting, is sufficient to establish the fact that the dealer herein sold plaintiff a car to which they did not have clear title, and that they promised to furnish a clear title thereto; that by reason of the failure to deliver title as agreed upon and taking possession of his car, the consideration for the transaction had failed and the buyer was entitled to treat the contract as broken and sue to recover the

amount he had paid under the contract. Neosho Motor Corporation v. Patterson, 184 Okla. 540, 88 P. 2d 632.

It is true as contended by defendants that it was held in Parrott v. Gulick, 145 Okla. 129, 292 P. 48, that the sale and delivery of a car without delivering a title in compliance with the regulatory provisions of our statutes, renders the offender liable to punishment, but does not destroy the consideration of the purchase of the car where the vendee takes possession of and uses the same for a long period of time without demanding a certificate of title. But this is not the factual situation in the case at bar, and therefore the rule applied there is not applicable here.

In the body of the opinion of the Gulick case, supra, which defendants contend has been quoted with approval in McNeil v. Larson, 171 Okla. 608, 43 P. 2d 397; Neosho v. Patterson, supra; Godfrey v. McArthur, 186 Okla. 144, 96 P. 2d 322; Lepley v. State, 69 Okla. Cr. 379, 103 P. 2d 568; and Price v. Marcus, 199 Okla. 356, 185 P. 2d 953, it was said:

"In the instant case the plaintiffs' had possession of the car several months, made payments thereon for several months, and then finally returned the car to the defendant without demanding a certificate of title. We believe that the law should be so construed as will better serve justice and right. The law should never place a stamp of approval upon the acts of persons seeking an undue advantage."

The persistent action of plaintiff in demanding a certificate of title in the case at bar did not appear to the trial court or to the jury as being an after-thought of the plaintiff in order to defeat the debt created by plaintiff as in the Gulick case, supra.

We think the verdict of the jury and judgment based thereon is supported by evidence tending to sustain plaintiff's contention and comes under the well established rule in law actions that if there is any evidence tending to sustain a verdict of a jury, which has been approved by the trial court, such verdict and judgment will not be disturbed on appeal.

In view of what we have said we deem it unnecessary to consider the defendants' contention that the court erred in refusing to instruct the jury to return a verdict in their favor.

Defendants next complain that it was error to give instruction No. 8 and that no proper instruction for measure of damages was given.

This contention is without merit. We have examined the requested instructions, and the instructions given, and find that the instructions given reasonably and fairly stated the applicable law and presented the issues in the case to the jury.

It is not error to refuse to submit requested instructions to the jury where the instructions given reasonably and fairly presented the issues in the case.

The application for judgment on the supersedeas bond is noted and approved and judgment thereon is hereby rendered accordingly against Archie Bibbs and Burt C. Lorince, sureties.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.