Carl Cleon **WOODALL**, Appellant,

v.

**CHANDLER MATERIAL
COMPANY**, Appellee.

No. 63930.

Supreme Court of Oklahoma.

March 13, 1986.

Rehearing Denied April 15, 1986.

Earl W. Arnold, Tulsa, for appellant.

John Caslavka, Tulsa, for appellee.

## MEMORANDUM OPINION

SUMMERS, Justice.

Plaintiff's brother worked for the defendant company which operated an aggregate processing plant. While visiting his brother plaintiff accompanied him into the kiln area where the brother was needed for business reasons. On the way and while passing through a darkened room the plaintiff walked off into an unguarded 14 foot deep pit, and was seriously injured.

One of the company's defenses was that plaintiff was a trespasser, which plaintiff controverted. The trial court properly submitted that issue to the jury with instructions defining invitees, licensees, and trespassers, and the duties of the landowner/defendant to each. The jury's verdict was for the defendant, and plaintiff appeals.

At issue is the sufficiency of Instruction No. 12, as follows:

"The owner of premises has a duty to a licensee, whose presence on the premises is known or reasonably could have been

anticipated, not to injure him by a willful or wanton act, or by needlessly exposing him to danger by a failure to warn of hidden defects in the premises."

The instruction is from Oklahoma Uniform Jury Instructions Civil No. 11.8 verbatim.

The record demonstrates how this instruction, and more specifically the words "hidden defects", came to be the focal point of the trial. Our first clue is plaintiff's request for the following instruction to go along with No. 12:

"You are instructed that the term 'hidden danger within the terms of rules governing liability of owner or occupant of premises need not be totally or partially obscured from vision or withdrawn from sight." (Citation: *Jack Healy Linen Co v. Travis*, 434 P.2d 924 (Okl.1967))

This requested instruction was noted and refused by the trial court.

Our second clue is the note from the jury to the judge:

"Can the judge instruct us as to what the legal definition of 'hidden defect' is in regard to instruction No. 12? Is the pit a hidden defect?"

The court's response squarely completed the focus:

"There is no legal definition of 'hidden defect.' The question you ask *is the issue* to be determined by you considering all the evidence and the instructions in the case." (emphasis ours)

This court by per curiam order of November 15, 1981 directed that all trial courts use the OUJI-Civil instructions unless determined to be inaccurate. That order, however, clearly allowed the giving of proper instructions not contained in the published manual by this:

"IT IS FURTHER ORDERED THAT whenever the Recommended Oklahoma Uniform Jury Instructions—Civil do not contain an instruction on a subject which the trial court determines should be submitted to the jury or whenever a recommended instruction cannot be modified to cover the subject being submitted, it shall then be the duty of the trial court to submit that subject to the jury upon an instruction which will be simple, brief, impartial and free from argument."

This order has been codified in 12 O.S. 1981, § 577.2.

■ It is the duty of the trial court on its own motion to instruct the jury on the decisive issues raised by the pleadings and the evidence, but where the court instructs upon the issues in a general way and a party desires a more specific instruction, it becomes the duty of that party to request such instruction. 12 O.S. 1981 § 577(5); *Binning v. Safeway Stores Inc.*, 532 P.2d 1198 (Okl.1975).

■ It has been said that the giving of a general instruction which covers the subject in an abstract way does not justify the refusal of a particular instruction correctly applying the law to a specific situation, when such instruction was properly requested. *Barnett v. Garrison*, 93 Cal. App.2d 553, 209 P.2d 426 (1949). Putting it another way, although a proposition of law applicable to the facts has been given to the jury in one instruction, the court should not deny a party relying thereon another instruction covering the same subject, but which defines with greater particularity and clearness the rights of the party depending thereon. *Chaney v. Moore*, 101 W.Va. 621, 134 S.E. 204 (1926)

Although we have held that a requested special instruction should be given where its effect is to increase the clearness of the issue, *Livingston Oil Corp. v. Shefts*, 92 Okl. 292, 219 P. 101 (1923), we have many times held the refusal to submit special requested instructions not to be in error where the instructions as a whole fairly and reasonably presented the issues in the case. *Okla. Tax Commissn. v. Price*, 197 Okl. 1, 167 P.2d 873 (1946); *Jordan v. Lake*, 205 Okl. 22, 234 P.2d 405 (1951). These cases, however, presuppose that the general instructions "are sufficiently broad to enable the jury to understand the law of the case." *City of Chickasha v. Daniels*,

123 Okl. 73, 251 P. 978 (1927); *Roger v. Dickerson*, 180 Okl. 595, 71 P.2d 729 (1937).

 The test upon review of an instruction improperly given or refused is whether there is a probability that the jurors were misled and thereby reached a different result than they would have reached but for the error. *Reinhart & Donovan Co. v. Williamson*, 191 Okl. 539, 131 P.2d 765 (1942).

It is significant that the requested instruction came verbatim from an Oklahoma case, *Jack Healey Linen Service v. Travis*, 434 P.2d 924 (Okl.1967). In the context of the two sentences that follow in the opinion, it is as follows:

"A 'hidden danger' within the terms of the rule governing the liability of an owner or occupant of the premises need not be totally or partially obscured from vision or withdrawn from sight. There exists no fixed rule for determining whether or not a defect in the premises is in the nature of the trap. What constitutes a hidden danger depends on the physical condition of the premises and on the peculiar use made thereof by the invitor at the time of invitee's injury. *Henryetta Construction Co. v. Harris*, supra [ (Okl., 408 P.2d 522) p. 531]; *Dunagan v. Bledsoe*, Okl., 267 P.2d 586, 589.

The jury's question to the judge suggests to us that the general instruction did not tell the jury as much about the law of hidden defects as it needed to know in reaching its decision. The requested and rejected instruction would have amplified the legal meaning of "hidden defects." It came from a case in which the plaintiff alleged insufficient light to perceive the quantity of soapy water she stepped into. The rule of hidden defects does not exist in a legal vacuum. One jurisdiction has said:

"[I]n speaking of hidden defects we use a relative term. What may be apparent in the daytime may become a pitfall in the darkness or when the light is dim." *Franklin v. Maine Amusement Co.*, 133 Me. 203, 175 A. 305, 306 (1934)

 We hold that the timely request by the plaintiff for an instruction which correctly and with some specificity clarified the general instruction on "hidden defect" obliged the trial court to give it. We find a probability that the plaintiff's case was prejudiced by its rejection. The case is REVERSED and REMANDED for new trial.

SIMMS, C.J., and OPALA, ALMA WILSON and KAUGER, JJ., concur.