Catholyn M. STUDEBAKER and Robert L. Studebaker, Jr., individually and as co-guardians of Robert Barrett Studebaker, an infant, Appellants,

v.

Eugene S. COHEN, M.D., and Tulsa O.B.–Gyn Associates, Inc., Appellees.

No. 61369.

Supreme Court of Oklahoma.

Oct. 20, 1987.

Rehearing Denied Nov. 24, 1987.

 

Pray, Walker, Jackman, Williamson & Marlar by J. Warren Jackman, and John F. McCormick, Jr., Tulsa, for appellants.

Secrest & Hill by W. Michael Hill and James K. Secrest II, Tulsa, for appellees.

HODGES, Justice.

The dispositive issue to be dealt with on certiorari is whether the "unavoidable casualty" instruction which included "Act of God" language constitutes reversible error.

We answer in the affirmative and find that an Act of God instruction in a medical malpractice case should not be given.

This medical malpractice action was brought by Catholyn M. Studebaker and Robert L. Studebaker, Jr. (appellants) individually and on behalf of Robert Barrett Studebaker, their infant son, against Eugene S. Cohen, M.D., the board certified specialist who delivered the child, and Tulsa O.B.–Gyn Associates, Inc. (appellees). The child's permanent and severe brain damage is alleged to be the result of oxygen deprivation during the mother's labor and delivery. They allege negligence on the part of the physician for violating purported hospital standards by failing to utilize an electronic fetal monitor, the sole purpose of which is to detect fetal distress during labor.

The physician and his professional corporation contend no distress was noted and it is impossible to determine that the child's condition occurred as a result of oxygen deprivation. The parents counter-argue, because the doctor failed to employ the monitoring device, appellees are not in a position to assert there was no fetal distress during labor.

The jury returned a verdict for the doctor and professional corporation. The parents appealed and the Court of Appeals affirmed.

Appellants assert the trial court erred in instructing the jury on an unavoidable casualty which contained language concerning an "Act of God", thereby depriving appellants of a fair trial. Instruction No. 13 given by the trial court reads as follows:

"An *unavoidable casualty* is one which occurred without negligence on the part of either party. An *unavoidable casualty includes an Act of God* which is some inevitable accident as could not have been prevented by human care, skill and foresight, which results exclusively from nature's cause. If you find from the evidence in this case the casualty was unavoidable, then your verdict should be for the defendant." (Emphasis added).

The Court of Appeals ruled that the challenged instruction does not excuse negligence of a physician and that there was no evidence that the instruction within the context of the pleadings, evidence and instructions as a whole, substantially prejudiced appellants' case. We do not agree. The instruction improperly gave the jury the impression there is a separate defense of Act of God, as distinct from non-negligence in a negligence case, which insulates a defendant from liability notwithstanding a finding of negligence and proximate cause of the injury. *City of Tucson v. Wondergem*, 6 Ariz.App. 570, 575–76, 435 P.2d 77, 82–83 (1967).

An Act of God instruction in a medical malpractice action is clearly improper.

Oklahoma Uniform Jury Instructions—Civil (OUJI–Civil) does not contain an Act of God instruction. OUJI–Civil states with regard to unavoidable accidents:

"10.9 UNAVOIDABLE ACCIDENT

An unavoidable accident is one which occurs without negligence on the part of either party. If you find from the evidence in this case that the accident was unavoidable, then your verdict should be for the Defendant (name)."

A per curiam order of the Oklahoma Supreme Court, adopted December 14, 1981, states, "IT IS ORDERED THAT effective January 1, 1983, all trial courts in Oklahoma shall use the instructions contained within the Recommended Oklahoma Uniform Jury Instructions—Civil." If the trial court determines that the recommended instruction does not accurately state the law, it must include within the record its reasons for declining to use the recommended instruction. This order has been codified in 12 O.S.1981 § 577.2. *Woodall v. Chandler Material Co.,* 716 P.2d 652, 653 (Okla.1986). Here the trial court should have used the "unavoidable accident" instruction as written, without the inclusion of the unrecognized "Act of God" instruction.

∎ Furthermore, an Act of God instruction has been limited by this Court to natural disasters such as storms and floods. In *Gulf Oil Corp. v. Lemmons,* 198 Okl. 596, 181 P.2d 568, 570 (1947) this Court cited with approval *City of Purcell v. Stubblefield,* 41 Okl. 562, 139 P. 290 (1914) for the two requirements necessary to establish an Act of God defense: "(1) that nature's act was the sole cause of the injury, and (2) that the natural cause was of such character as not to be expected and consequently avoided by precautions." Generally, an Act of God is some inevitable accident as could not have been prevented by human care, skill and foresight, but which results exclusively from nature's cause, such as lightning, tempest and flood. We also stated in *Public Service Co. v. Sonagerra,* 208 Okl. 95, 253 P.2d 169, 171 (1953):

"An Act of God is such an unprecedented storm or flood as will excuse from liabili-

ty, provided it is the approximate cause of the injury *as well as the sole cause of the injury*. However, the defendant is liable if the injury is caused by an Act of God, in connection with which the negligence of the defendant is a concurring cause, and the injury would not have occurred except for such negligence." (Emphasis added).

The natural event must be the sole cause of the injury. There can be no combination of the negligence of a defendant and an Act of God. An Act of God is not synonymous with an unavoidable accident in that it must arise exclusively from natural causes unconnected with human agency. Although all Acts of God are inevitable accidents, because no human agency can avoid it, every inevitable accident is not an Act of God. An "unavoidable accident" is a broader term than an "Act of God." *King v. Richards–Cunningham Co.,* 46 Wyo. 355, 28 P.2d 492, 494 (1934).

Inasmuch as our prior cases limit what properly constitutes an Act of God, the doctrine does not include medical problems. Medical problems as a result of complications during labor and delivery are not an occurrence of such unexpected and extraordinary character, they frequently happen and cannot be viewed as ordinarily beyond human control or unforeseen. Moreover, in our view, a defendant should not be allowed to claim that because the cause of a disease is unknown, it is necessarily an Act of God. Consequently, the term "Act of God" should not encompass physical afflictions or medical problems. *Cox v. Vernieuw,* 604 P.2d 1353, 1358 (Wyo.1980) (also finding the defense of an Act of God inappropriate in a case founded upon a negligence theory as superfluous).

Accordingly, we hold the trial court committed reversible error in giving the Act of God instruction. This Court has never recognized an instruction on Act of God except in relation to catastrophic natural disasters.

The test upon review of an instruction improperly given is whether there is a probability that the jurors were misled and thereby reached a different result than

They would have reached but for the error. *Woodall*, 716 P.2d at 654. We find a probability that appellants' case was prejudiced by the challenged Act of God instruction. Where an erroneous instruction to the jury has the effect of depriving appellants of a fair trial, the case will be reversed for a new trial. *Metropolitan Life Insurance Company v. Fisher*, 382 P.2d 434, 440 (Okla.1963).

 In light of our determination that the Act of God instruction was improper, the case is remanded for a new trial. The remaining issues raised by appellants on certiorari need not be addressed. Because, however, the trial court's admission into evidence testimony concerning the mother's two prior teenage abortions could constitute reversible error upon review, a particular word of caution to the trial judge is here warranted. At the new trial, if such evidence again be proferred, the trial court should exclude it upon timely objection unless there is medical evidence of some causal connection between the abortions and the damage suffered by reason of the alleged negligence.

Certiorari having been previously granted and for the above and foregoing reasons, the opinion of the Court of Appeals is VACATED; the trial court is REVERSED; and the case REMANDED for further proceedings consistent with this opinion.

DOOLIN, C.J., OPALA, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J. and ALMA WILSON, J., concur in result.

LAVENDER and SIMMS, JJ., dissent.

ALMA WILSON, Justice, concurring in result.

The "unavoidable accident" instruction should rarely be given. It is inappropriate in this case. Unavoidable accident is only another way of denying negligence. In the Oklahoma Uniform Jury Instructions, Civil, a comment is made after instruction number 10.9 recommending to this Court:

That no "unavoidable accident" instruction be given. The general instructions on negligence should adequately cover this area.

The habit of instructing on defenses which are properly categorized as denials of allegations, can lead to incorrect burdens of proof, so that the defendant if arguing unavoidable accident as a defense to negligence becomes faced with the burden of proving the defense as though it were an affirmative defense.